UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:21-cv-01654-SVW-AFM                                         Date:  October 8, 2021

Title   Ian LaMonte Cormier v. Riverside County District Attorney Office, *et al.*

Present: The Honorable:   ALEXANDER F. MacKINNON, U.S. Magistrate Judge

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  ORDER TO SHOW CAUSE**

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on September 30, 2021. (ECF No. 1.) Plaintiff did not prepay the filing fees. Instead, he filed a request to proceed in this action without prepayment of the filing fees ("IFP Request"). (ECF No. 2.) Plaintiff's Complaint states that he "is no longer incarcerated" and that he was released "about 8/20/21." (ECF No. 1 at 2.) Plaintiff's Complaint is not signed under penalty of perjury. (*Id.* at 25.)

In his Complaint, plaintiff provides a mailing address which is the same P.O. Box in Moreno Valley, California (*id.* at 2) that plaintiff previously used for two closed cases (Case Nos. 5:20-cv-01722-SVW (AFM) and 5:20-cv-01877-SVW (AFM)). Both of those cases were prosecuted while plaintiff was a prisoner at the Larry D. Smith Correctional Facility ("SCF"), in Banning, California. Further, on August 30, 2021, plaintiff paid the full appeal filing fees to proceed in the Ninth Circuit in Case No. 5:20-cv-01722 and Case No. 5:20-cv-01877. The receipt for each of these payments reflects that plaintiff (BK NO 202023232) was then being held at the SCF. Because these court records reflect that plaintiff was incarcerated beyond the date on which plaintiff indicates in his Complaint herein that he was released from incarceration, it appears that plaintiff was a prisoner at the time that he initiated this action.

Two of plaintiff's prior cases (No. 5:20-cv-01722 and No. 5:20-cv-01877) were dismissed pursuant to 28 U.S.C. § 1915(g) because plaintiff had already accumulated more than three strikes before he filed the actions. In addition, in *Cormier v. Comey*, Case No. 5:19-cv-01198-SVW (AFM), ECF Nos. 26, 29, 31, plaintiff's request to proceed IFP was denied by the Court of Appeals in Ninth Circuit Case No. 20-55320, and his appeal was dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)). As set forth by this Court in the Orders Denying Leave to Proceed Without Prepayment of Filing Fees and Dismissing Action Pursuant to 28 U.S.C. § 1915(g) (Case No. 5:20-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:21-cv-01654-SVW-AFM                                                  Date:  October 8, 2021

Title   Ian LaMonte Cormier v. Riverside County District Attorney Office, *et al.*

cv-01722, ECF No. 8; Case No. 5:20-cv-01877, ECF No. 8) and as mandated by § 1915(g), a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding" without prepayment of the filing fees "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  As defined in 28 U.S.C. § 1915(h): "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Accordingly, if plaintiff was a prisoner at the time that he initiated this action, he is precluded from proceeding IFP herein unless and until he can show that, at the time he initiated this action, he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Plaintiff may also avoid dismissal of this action if he pays the full filing fees within the time set forth below.

**Within twenty (20) days of this order, plaintiff is ordered to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).**  If plaintiff does not timely file a response to this Order to Show Cause, the Court will recommend that leave to proceed IFP be denied and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**Plaintiff's filing of one of the following within (20) days will constitute a satisfactory response to this Order to Show Cause**:

☐    Full payment of the required filing fees; or

☐    A separate, dated, and signed affidavit under penalty of perjury and in substantial compliance with 28 USC § 1746 (i), stating that plaintiff was not a "prisoner" as specified in 28 U.S.C. § 1915(h) at the time that he filed this action and (ii) explaining why plaintiff cannot pay the filing fee in the present case, but was able to pay the filing fees in his two recent appeals; or

☐    An affidavit showing that, at the time he initiated this action, he was "under imminent danger of serious physical injury" as required by 28 U.S.C. § 1915(g); or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01654-SVW-AFM                                                    Date:  October 8, 2021

Title       Ian LaMonte Cormier v. Riverside County District Attorney Office, *et al.*

☐       A signed Notice of Dismissal requesting a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).

The clerk is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**

Attachment:  Form CV-066
                      Form CV-009

|  | : |
|---|---|
| **Initials of Preparer** | ib |